Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/06/2025 09:09 AM CDT

Paul Johansen and Acuity, a Mutual Insurance
Company, appellants, v. Patrick Reed and
PWR Ag Properties, LLC, appellees.

___ N.W.3d ___

Filed May 6, 2025.    No. A-24-419.

1. **Summary Judgment: Appeal and Error.** An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.

3. **Summary Judgment.** Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

4. ____. The primary purpose of the summary judgment procedure is to pierce the allegations in the pleadings and show conclusively that the controlling facts are other than as pled.

5. **Summary Judgment: Proof.** The party moving for summary judgment must make a prima facie case by producing enough evidence to show that the movant is entitled to judgment if the evidence were uncontroverted at trial. If the party moving for summary judgment makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law.

6. **Summary Judgment.** At the summary judgment stage, the trial court determines whether the parties are disputing a material issue of fact. It does not resolve the factual issues. Where reasonable minds could

draw different conclusions from the facts presented, there is a triable issue of material fact.

7. **Negligence: Liability: Contractors and Subcontractors.** Generally, one who employs an independent contractor is not liable for physical harm caused to another by the acts or omissions of the contractor or its servants.

8. \_\_\_\_: \_\_\_\_: \_\_\_\_. An employer of an independent contractor can be liable for physical harm caused to another if (1) the employer retains control over the contractor's work, (2) the employer is in possession and control of premises, (3) a statute or rule imposes a specific duty on the employer, or (4) the contractor's work involves special risks or dangers.

9. **Negligence: Liability: Contractors and Subcontractors: Words and Phrases.** A nondelegable duty means that an employer of an independent contractor, by assigning work consequent to a duty, is not relieved from liability arising from the delegated duties negligently performed.

10. **Negligence.** Not every negligence action involving an injury suffered on someone's land is properly considered a premises liability case.

11. \_\_\_\_. Generally, premises liability cases fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition on the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land.

12. **Negligence: Liability: Proximate Cause.** A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

13. **Negligence: Liability.** Even where a dangerous condition exists, a premises owner will not be liable unless the premises owner should have expected that a lawful visitor such as the plaintiff either would not discover or realize the danger or would fail to protect himself or herself against the danger.

14. **Negligence.** Generally, when a dangerous condition is open and obvious, the owner or occupier is not liable in negligence for harm caused by the condition.

15. \_\_\_\_. Under the open and obvious doctrine, a possessor of land is not liable to invitees for physical harm caused by any activity or condition on the land whose danger is known or obvious to the invitee, unless the possessor should anticipate the harm despite such knowledge or obviousness.

16. \_\_\_\_. A condition on the land is considered open and obvious when the risk is apparent to and of the type that would be recognized by a reasonable person in the position of the invitee exercising ordinary perception, intelligence, and judgment.

17. \_\_\_\_. Even when a land possessor is aware lawful visitors are choosing to encounter an obvious risk, it does not necessarily follow that the land possessor has reason to expect the lawful visitors will fail, or be unable, to protect themselves from that risk.

Appeal from the District Court for Seward County: James C. Stecker, Judge. Reversed and remanded for further proceedings.

John Andrew McWilliams, of Gross, Welch, Marks & Clare, P.C., L.L.O., for appellants.

Maggie L. Brokaw and David L. Welch, of Pansing, Hogan, Ernst & Buser, L.L.P., for appellees.

Moore, Pirtle, and Welch, Judges.

Welch, Judge.

INTRODUCTION

Paul Johansen and Acuity, a Mutual Insurance Company, (collectively Appellants) appeal from the order of the Seward County District Court granting summary judgment in favor of Patrick Reed and PWR Ag Properties, LLC (collectively Appellees). For the reasons stated herein, we reverse the order and remand the cause for further proceedings.

STATEMENT OF FACTS

In 2018, Reed was building a personal residence and was acting as the general contractor overseeing the construction of the residence and the hiring of subcontractors. Reed was also the owner of and agent for PWR Ag Properties, which owned the property that was under construction. In these capacities,

Reed entered into a contract with Hardwood Artisan L.L.C. for the delivery and installation of cabinets for his residence. Johansen, an employee of Hardwood Artisan, delivered the cabinets to Reed's residence.

After Johansen had delivered the cabinets to the second floor of Reed's residence, he began descending the staircase, which had no handrail or guardrail. While descending the staircase, Johansen fell over the side of the unprotected staircase and sustained injuries. A photograph of the unprotected staircase was received into evidence and is reproduced here:



Acuity, as the workers' compensation carrier for Hardwood Artisan, paid workers' compensation benefits to Johansen on behalf of Hardwood Artisan.

In September 2022, Appellants filed a complaint in the district court, alleging that Acuity had a subrogation interest against Appellees under theories of premises liability and negligence, and sought a judgment for money damages. Appellees filed a motion for summary judgment asserting that no genuine issues of material fact existed as to their alleged liability. During the summary judgment hearing, the district court received evidence, including the depositions of Reed and Johansen; a deposition of Shane Stutzman, Johansen's coworker; a deposition of Appellants' expert, who was both an engineering expert and an instructor for the Occupational Safety and Health Administration; and affidavits from Reed and from Appellants' attorney.

Following the hearing, the district court granted summary judgment in favor of Appellees, finding that no material issue of fact existed. Specifically, regarding Appellees' premises liability claim, the district court found:

> Under the open and obvious doctrine, a possessor of land is not liable to invitees for physical harm caused by any activity or condition on the land whose danger is known or obvious to the invitee unless the possessor should anticipate the harm despite such knowledge of obviousness. A condition on the land is considered open and obvious when the risk is apparent to and of the type that would be recognized by a reasonable person in the position of the invitee exercising ordinary perception, intelligence and judgment.

> Here[,] Johansen, was aware of the condition of the staircase. He was aware that the staircase had no railing. Johansen had already descended the staircase at least once on the day of the accident. Johansen had been up and down the stairs 5 or 6 times without a railing. Johansen did not tell his employer that "something needed to be done about those stairs." Johansen would have known prior to the accident happening that there weren't [sic] any handrail or any railings on the side of the stairs.

A determination that a risk or danger is open and obvious does not end the duty analysis in a premises liability case. A court must also determine whether the possessor should have anticipated that lawful entrants would fail to protect themselves despite the open and obvious risk. One such circumstance is where the invitee's attention may be distracted. There is no evidence that Johansen was distracted.

The court further rejected Appellees' negligence claim related to the employees of independent contractors, framing the issue as involving the peculiar risk doctrine and finding that

[t]he peculiar risk doctrine is not applicable where an employee is injured on the job and has [workers'] compensation to recover his damages. Where the injuries resulting from an independent contractor's performance of inherently dangerous work are to an employee of the contractor and thus subject to [workers'] compensation coverage, the peculiar risk doctrine affords no basis for the employee to seek recovery of tort damages from the person who hired the subcontractor but did not cause the injuries. The principle, landowner, has no greater liability than the independent subcontractor. There is no evidence that [Appellees were] the employer of . . . Johansen. Johansen was an employee of a subcontractor hired by [Appellees]. Johansen received [workers'] compensation for his injury and damages.

Essentially, the peculiar risk analysis [is] inapplicable under these facts. [Johansen] received a recovery through [workers'] compensation for his injuries. A separate action against the landowner is not available.

Appellants have now timely appealed from the court's order granting summary judgment in favor of Appellees.

## ASSIGNMENTS OF ERROR

Appellants assign, restated, that the district court erred in (1) finding that Appellants could not maintain a separate action against Appellees as a result of Johansen's receipt of workers'

compensation benefits and (2) granting summary judgment on the basis of the open and obvious doctrine.

## STANDARD OF REVIEW

[1,2] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Choice Homes v. Donner*, 311 Neb. 835, 976 N.W.2d 187 (2022). An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id*.

## ANALYSIS

Appellants assign that the district court erred in finding that Appellants could not maintain their claim due to the exclusivity of workers' compensation under the peculiar risk doctrine and in granting summary judgment on the basis of the open and obvious doctrine. Before addressing Appellants' assignments of error, we review the standard for summary judgments.

[3-6] Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Porter v. Knife River, Inc.*, 310 Neb. 946, 970 N.W.2d 104 (2022). The primary purpose of the summary judgment procedure is to pierce the allegations in the pleadings and show conclusively that the controlling facts are other than as pled. *Id*. The party moving for summary judgment must make a prima facie case by producing enough evidence to show that the movant is entitled to judgment if the evidence were uncontroverted at trial. *Id*. If the party moving for summary judgment makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of

a material issue of fact that prevents judgment as a matter of law. *Id.* At the summary judgment stage, the trial court determines whether the parties are disputing a material issue of fact. It does not resolve the factual issues. *Id*. Where reasonable minds could draw different conclusions from the facts presented, there is a triable issue of material fact. *Id*.

## Whether Appellants Could Maintain Separate Cause of Action Against Appellees

Appellants first argue that the district court erred in finding that their subrogation claim was barred by application of the peculiar risk doctrine. We agree.

The starting point of this analysis is governed by Neb. Rev. Stat. § 48-118 (Reissue 2021), which addresses subrogation claims. Section 48-118 provides in pertinent part:

> When a third person is liable to the employee or to the dependents for the injury or death of the employee, the employer shall be subrogated to the right of the employee or to the dependents against such third person. The recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his or her dependents should have been entitled to recover.
>
> . . . .
>
> Nothing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee or of his or her personal representative to bring suit against such third person in his or her own name or in the name of the personal representative based upon such liability, but in such event an employer having paid or paying compensation to such employee or his or her dependents shall be made a party to the suit for the purpose of reimbursement, under the right of subrogation, of any compensation paid.

[7-9] As such, so long as Appellees were liable for Johansen's injuries, Johansen had the right to bring his claim for damages,

and Acuity was subrogated to Johansen's right to recover the payments it made on his behalf. Thus, the question becomes whether Appellees, acting as the owner and the contractor for this construction project, were potentially legally liable for Johansen's injuries arising from his fall off the unprotected staircase. In this case, Reed hired numerous subcontractors to construct his residence, and at least one of those subcontractors erected the staircase without placing a handrail or guardrail, or such railing was removed, leaving the staircase unprotected. The unrefuted facts demonstrate that Reed was not involved in the direct construction of the staircase, and, as it relates to his liability as a general contractor, the Nebraska Supreme Court has held:

> Generally, one who employs an independent contractor is not liable for physical harm caused to another by the acts or omissions of the contractor or its servants. This is the general rule, because an employer of an independent contractor generally has no control over the manner in which the work is to be done by the contractor, so the contractor, rather than the employer, is the proper party to be charged with the responsibility of preventing the risk and bearing and distributing it.
>
> Our case law has recognized four exceptions to the general rule. Specifically, an employer of an independent contractor can be liable for physical harm caused to another if (1) the employer retains control over the contractor's work, (2) the employer is in possession and control of premises, (3) a statute or rule imposes a specific duty on the employer, or (4) the contractor's work involves special risks or dangers. We often refer to the latter three exceptions as involving "nondelegable" duties. A nondelegable duty means that an employer of an independent contractor, by assigning work consequent to a duty, is not relieved from liability arising from the delegated duties negligently performed.

*Gaytan v. Wal-Mart*, 289 Neb. 49, 57-58, 853 N.W.2d 181, 192-93 (2014).

It appears that the district court focused on the fourth exception to the general rule in ascertaining whether the contractor's work involved special risks or dangers and found that the work hired out by Appellees did not involve a special risk, which foreclosed that exception to the general liability rule. But as Appellants note in their brief, the basis for their claim is that Appellees remained liable for the subcontractor's work under the second exception to the general rule; that is, Appellees retained possession and control of the premises during the construction project, which made them separately liable for the construction deficiencies. The district court did not appear to address that potential exception.

Appellants identify numerous portions of the record that point to Appellees' maintaining possession and control of the construction site under the role of general contractor, which Appellants argue creates an exception to the general rule, resulting in liability notwithstanding the hiring of subcontractors. On this record, at a minimum, the issue presents a question of material fact that prevents summary judgment from being entered in favor of Appellees on that basis. And although we agree that the peculiar risk doctrine does not create liability here, because we find there is a question of material fact as to whether Appellees retained possession and control of the construction site, so as to render them responsible for a dangerous condition on the property, we find that Appellees were not entitled to summary judgment on that basis.

## WHETHER DISTRICT COURT ERRED IN
## GRANTING SUMMARY JUDGMENT

Appellants' second assignment of error is that the district court erred in granting summary judgment in favor of Appellees on their claim of premises liability. Specifically, Appellants contend that the court erred in finding that the open and obvious doctrine applied to bar recovery for Johansen's injuries.

[10,11] In *Sundermann v. Hy-Vee*, 306 Neb. 749, 765, 947 N.W.2d 492, 504 (2020), the Nebraska Supreme Court addressed the proper framework for premises liability claims:

We have cautioned that "[n]ot every negligence action involving an injury suffered on someone's land is properly considered a premises liability case." Generally speaking, our premises liability cases fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition on the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land.

Here, Appellants sued Appellees (as the owner and possessor of property), claiming that Johansen was injured as a result of Appellees' failure to protect him from a dangerous condition on the property. Accordingly, this case falls under the purview of the first category of premises liability cases, i.e., cases concerning the failure to protect lawful entrants from a dangerous condition on the land. Based upon this determination, we next consider whether a genuine issue of material fact existed under the premises liability framework that precluded an award of summary judgment in favor of Appellees.

[12] In *Sundermann*, the Nebraska Supreme Court restated the five-factor premises liability framework:

For more than 30 years we have applied the same five-factor rule to premises liability actions involving a condition on the land. A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover

or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

306 Neb. at 766, 947 N.W.2d at 504-05.

Here, Appellees do not dispute that the record pertaining to the first two factors of the premises liability framework created genuine issues of material fact for a fact finder, i.e., that Appellees knew of the condition on the property—the lack of a handrail or guardrail on the staircase—and that Appellees should have realized the condition involved an unreasonable risk of harm to Johansen, who was a lawful visitor to the property. We thus turn to the third factor of the premises liability framework, i.e., the possessor should have expected that a lawful visitor such as the plaintiff either would not discover or realize the danger or would fail to protect himself or herself against the danger, in order to determine whether the record relating to this issue created a genuine issue of material fact that precluded summary judgment in favor of Appellees.

[13-16] In analyzing the third factor of the premises liability framework, the Nebraska Supreme Court has explained that

even where a dangerous condition exists, a premises owner will not be liable unless the premises owner should have expected that a lawful visitor such as the plaintiff either would not discover or realize the danger or would fail to protect himself or herself against the danger.

Generally, when a dangerous condition is open and obvious, the owner or occupier is not liable in negligence for harm caused by the condition. The rationale behind this general rule is that the open and obvious nature of the condition gives caution so that the risk of harm is considered slight, since reasonable people will avoid open and obvious risks. Stated differently, "Known or obvious dangers pose less of a risk [of harm] than comparable latent dangers because those exposed can

take precautions to protect themselves." Simply stated, an open and obvious risk generally will not present an unreasonable risk of harm.

Under the open and obvious doctrine, a possessor of land is not liable to invitees for physical harm caused by any activity or condition on the land whose danger is known or obvious to the invitee, unless the possessor should anticipate the harm despite such knowledge or obviousness. A condition on the land is considered open and obvious when the risk is apparent to and of the type that would be recognized by a reasonable person in the position of the invitee exercising ordinary perception, intelligence, and judgment.

*Sundermann v. Hy-Vee*, 306 Neb. 749, 770-71, 947 N.W.2d 492, 507-08 (2020).

In granting summary judgment in favor of Appellees, the district court found that Appellants' claim failed under the third element of the premises liability framework that relies upon the open and obvious doctrine. The question, therefore, is whether a genuine issue of material fact existed that the possessor of land should have expected that a lawful visitor either would not discover or realize the danger or would fail to protect himself or herself against the danger.

Appellants acknowledge that the staircase's lack of a handrail or guardrail was an open and obvious condition but argue that a genuine issue of material fact existed as to whether Appellees should have anticipated that lawful visitors would fail to protect themselves against the open and obvious risk posed by the lack of a handrail or guardrail on the staircase.

Considering the record in the light most favorable to Appellants, as we are required to do, the record shows that Johansen was hired to deliver cabinetry to Appellees' premises on the second floor and that the only access to the second floor was via a staircase that had no handrail or guardrail; that during the initial installation of the staircase, such railing was installed but was removed at some later point; that there were

several other individuals present at the time of the accident; that Johansen had been to the residence four or five times prior to the accident during various stages of construction; that on prior occasions, Johansen used the staircase approximately five or six times; that during those prior occasions, there was never a handrail or guardrail on the staircase or any safety features alongside the staircase to prevent someone from falling off; that Johansen had to use a flashlight in the residence due to visibility and lighting issues; that prior to the accident, Johansen was aware that there was not a handrail or guardrail on the staircase; that Johansen never informed his employer or made a complaint regarding the lack of such railing prior to the accident; that Johansen carried cabinetry parts up the staircase but was not carrying anything down the staircase at the time of the accident; that Johansen, following the accident, could not remember exactly how the fall happened but remembered that he "slid[]" down the staircase, hit his head, and then fell approximately 8 to 10 feet down to the first floor of the residence; that Stutzman, Johansen's coworker, did not realize that there was not a handrail or guardrail on the staircase; that Stutzman was on the staircase beneath Johansen and that when Johansen fell, he landed beside Stutzman; that following the accident, a handrail or guardrail was placed on the staircase; and that Appellants' expert, who was an expert in engineering and an instructor for the Occupational Safety and Health Administration, opined that the lack of a handrail or guardrail created an unreasonable risk of harm and that had a handrail or guardrail been in place, it may have prevented Johansen's fall.

Here, the district court, in granting summary judgment, made a factual determination that there was no evidence that Johansen was distracted and that the open and obvious nature of the condition indicated that there were no material facts in dispute. Although we agree that there was no evidence that Johansen was distracted, that does not end our inquiry. The role of summary judgment is not used to make determinations

of fact, but, rather, it is to determine whether the parties are disputing an issue of fact. See *Porter v. Knife River, Inc.*, 310 Neb. 946, 970 N.W.2d 104 (2022) (at summary judgment stage, trial court determines whether parties are disputing material issue of fact; it does not resolve factual issues). Distraction is only one circumstance where the possessor of land should anticipate that lawful entrants would fail to protect themselves, despite the open and obvious risk. As the Nebraska Supreme Court noted in *Sundermann v. Hy-Vee*, 306 Neb. 749, 772, 947 N.W.2d 492, 508 (2020):

> We have given examples of some circumstances that may provide a land possessor with reason to expect invitees will fail to protect themselves from an open and obvious danger on the land, such as: "'"[w]here the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risks."'"

It is the latter example that we find dispositive here.

Appellants argue that although Johansen recognized that there was no handrail or guardrail on the staircase, the only means to complete his work of delivering the cabinetry was via the staircase, as there was no other way to the second floor of the residence. Appellees did not dispute that the staircase was the only means of access to the second floor or that Johansen's work required that he access the second floor of the residence via the staircase. And where a contractor such as Reed hired a subcontractor to perform work that required access to the unprotected staircase in order to perform the work and keep the project moving, we find, at a minimum, there was a genuine issue of fact on this record as to whether Appellees should have anticipated that Johansen

would choose to encounter the obvious risk. See *Hodson v. Taylor*, 290 Neb. 348, 860 N.W.2d 162 (2015) (holding possessor of land may anticipate harm from open and obvious danger where possessor has reason to expect that invitee will proceed to encounter known or obvious danger because, to reasonable person in his or her position, advantages of doing so outweigh apparent risk).

[17] But our inquiry does not end there. In *Sundermann*, the Nebraska Supreme Court stated, "But even when a land possessor is aware lawful visitors are choosing to encounter an obvious risk, it does not necessarily follow that the land possessor has reason to expect the lawful visitors will fail, or be unable, to protect themselves from that risk." 306 Neb. at 773, 947 N.W.2d at 509.

It was the latter factor that proved dispositive in *Sundermann*. After reviewing the record, the Nebraska Supreme Court held that there was no evidence to demonstrate that the land possessor should have anticipated that patrons who chose to encounter the known risk would fail to protect themselves against it. In *Sundermann*, the known risk was a patron parking a vehicle in a drive aisle for the purpose of inflating the tire or tires of the patron's vehicle. As it related to those patrons who chose to encounter that risk, the court noted that there were numerous precautions available to the patrons, "includ[ing] things like watching and listening for approaching vehicles, getting out of the drive aisle when a vehicle is approaching, or parking in a way that allowed them to inflate their tires while remaining on the curb." *Sundermann v. Hy-Vee*, 306 Neb. 749, 773, 947 N.W.2d 492, 509 (2020). As it relates to the available safety measures, the court noted the land possessor had received no safety complaints and there had been no previous accidents as a result of the condition.

But we find the record before us is distinguishable from *Sundermann*. In this case, the staircase presented a general fall risk to workers such as Johansen. And as Appellants' expert opined, the purpose of a handrail or guardrail is to provide

a level of safety against that known risk. Because Appellees failed to provide a handrail or guardrail, which provided the very mechanism a worker such as Johansen could use to protect themselves against a fall risk, we find, at a minimum, there remains a factual question on this record as to whether Appellees should have expected Johansen would fail, or be unable, to protect himself against the open and obvious danger posed by a staircase that connected the floors of Reed's residence and did not have a handrail or guardrail.

Assuming the fact finder determines that an unprotected staircase provides an unreasonable risk of harm and that the condition was known to the contractor, we find there remains a question of fact as to whether Appellees should have anticipated that Johansen, whose work required access to the second floor of the residence via the staircase, would fail to protect himself against it. Therefore, Appellants raised a genuine issue of material fact as to whether Appellees should have anticipated that Johansen would fail to protect himself from the open and obvious risk, and summary judgment was inappropriate.

The district court did not make any findings with regard to the remaining two elements of the premises liability framework, finding that the third element was dispositive of the case, nor do we read Appellees' summary judgment motion or their brief in support of that motion to contest the final two elements of the claim. We would note, however, that Appellees conceded at oral argument that there remains a factual question on this record relating to the final two elements. As such, having found there remain material factual questions on the record governing all elements of Appellants' premises liability claim, we find that summary judgment was improper on this record.

## CONCLUSION

Because we find that the district court erred in granting summary judgment in favor of Appellees, we reverse the order and remand the cause for further proceedings.

Reversed and remanded for further proceedings.