IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

ARL CREDIT SERVS. V. DUBSKY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

COLUMBUS CREDIT SERVICES, A REGISTERED NEBRASKA TRADENAME OF
ARL CREDIT SERVICES, INC., A NEBRASKA CORPORATION, APPELLEE,

V.

NATHAN M. DUBSKY, APPELLANT.

Filed January 6, 2026.    No. A-25-382.

Appeal from the District Court for Colfax County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Nathan M. Dubsky, pro se.

Janelle M. Foltz, of Law Office of Janelle M. Foltz, L.L.C., for appellee.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

RIEDMANN, Chief Judge.

### INTRODUCTION

Nathan M. Dubsky appeals from the order of the district court for Colfax County granting summary judgment in favor of Columbus Credit Services, a registered Nebraska tradename of ARL Credit Services, Inc., a Nebraska corporation (ARL). Finding no error, we affirm the judgment of the district court.

### BACKGROUND

ARL filed a complaint alleging that at Dubsky's request, he, or a family member for whom he was responsible, received various health care goods and services for which payment had not been received. The complaint alleged Dubsky owed payment for seven different accounts, that the

fair and reasonable value or agreed upon amount of the accounts totaled $102,904.40, and that each of the accounts had been assigned from the providers to ARL.

Dubsky and ARL each filed motions for summary judgment. At a hearing on the motions, ARL entered nine exhibits into evidence. Exhibits 1 through 8 were affidavits and accompanying documents related to the services provided, the amounts owed, and the assignment of the accounts to ARL. Exhibit 9 was an affidavit from ARL's counsel averring that ARL had served Dubsky with requests for admission in September 2024 and that as of March 26, 2025, Dubsky had not responded. Exhibit 9 included the requests for admission and a notice of service of the requests on Dubsky. The requests for admission sought to establish the services requested and provided, the reasonableness of the costs, the amounts owed, and the assignment of the accounts to ARL. Dubsky objected to ARL's exhibits based on hearsay and ARL's failure to follow the procedures set forth in Neb. Ct. R. § 6-1526 (rev. 2022). All nine exhibits were received over Dubsky's objections. Dubsky offered no evidence.

The district court found that ARL had properly filed its motion for summary judgment, evidence index, and annotated statement, and that it had not violated the court rule as Dubsky alleged. It found exhibit 9 showed Dubsky had failed to respond to requests for admission that were served upon him. It deemed those matters to be admitted. The district court granted ARL's motion for summary judgment and denied Dubsky's motion, finding there was no genuine dispute of material fact and that ARL was entitled to judgment as a matter of law. Dubsky appeals.

ASSIGNMENTS OF ERROR

Dubsky assigns, reordered and restated, that the district court erred in (1) admitting and relying upon affidavits and exhibits that constituted inadmissible hearsay, were not properly authenticated, and were untimely disclosed in violation of § 6-1526, and in improperly weighing the evidence against his statement of disputed facts; (2) concluding ARL had established standing despite no admissible evidence of a debtor-creditor relationship; (3) granting summary judgment despite ARL's express admission that certain "requested documents do not exist" and in refusing to take judicial notice as required under Neb. Rev. Stat. § 27-201 (Reissue 2016); and (4) signing an order drafted by ARL that contained no independent findings, failed to apply the proper summary judgment standard under Neb. Rev. Stat. § 25-1332 (Cum. Supp. 2024), and rested on exhibits not properly offered or received.

STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Henderson State Co. v. Garrelts*, 319 Neb. 485, 23 N.W.3d 444 (2025). An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id*.

A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion. *Elbert v. Young*, 312 Neb. 58, 977 N.W.2d 892 (2022). Apart from rulings under the

residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds. *Id*.

ANALYSIS

*Admission of Exhibits.*

Dubsky assigns that the district court erred in admitting and relying upon affidavits and exhibits that constituted inadmissible hearsay, were not properly authenticated, and were untimely disclosed in violation of § 6-1526. He also assigns the court erred in improperly weighing the evidence against his statement of disputed facts. We find that the district court did not err in admitting ARL's exhibits into evidence, nor in the weight given them.

Exhibits 1 through 8 were affidavits supporting the accounts sued upon, as well as accompanying documents. In the affidavit contained in exhibit 1, the affiant averred that she was a collections supervisor for ARL, that she had charge and possession of the business records of ARL, that those records were true and correct and kept in the usual and ordinary course of ARL's business, and that the allegations contained in the complaint were true.

The affidavits contained in exhibits 2 through 8 are either signed by a manager or a patient accounts associate of the entities from whom services were received. They averred that they had personal knowledge of the claims, that the documents attached to the affidavits were true and correct copies of statements of the goods and services provided, and that the statements were genuine. They averred that the costs were fair and reasonable, that Dubsky was sent statements notifying him of the balance, and that the account discussed in the affidavit was assigned to ARL. The affidavits are all signed and notarized. The account statements attached to each affidavit are all properly authenticated by those with personal knowledge and are admissible under the business records exception to the hearsay rule. See Neb. Rev. Stat. § 24-803 (Cum. Supp. 2024). As such, the district court did not err in receiving them over Dubsky's hearsay objections.

Dubsky also assigns the court erred by improperly weighing this evidence against his statement of disputed facts and argues the district court should have resolved doubts in favor of him. We disagree because the only evidence received supported a judgment in favor of ARL.

Exhibit 9 was an affidavit of ARL's attorney and included a copy of requests for admission served upon Dubsky to which he had never responded. Due to Dubsky's failure to respond, the requests were deemed admitted. See Neb. Ct. R. Disc. § 6-336 (rev. 2025). Section 6-336 is self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to answer or object to a request for admission. See *Tymar v. Two Men and a Truck*, 282 Neb. 692, 805 N.W.2d 648 (2011). However, it is not self-executing. See *id*. A party that seeks to claim another party's admission for failure to respond, must prove service of the request for admission and the served party's failure to answer or object and must also offer the request for admission as evidence. See *id*.

At the hearing, an affidavit from ARL's counsel was entered into evidence. In the affidavit, she averred that the requests for admission were served on September 9, 2024, and that as of March 26, 2025, Dubsky had not responded. The requests for admission, and notice of service on Dubsky, were attached to the affidavit. Through the requests for admissions, ARL sought admission as to goods and services rendered, the amounts owed for those goods and services, that the charges were

- 3 -

reasonable, and that the accounts had been assigned to ARL. Due to Dubsky's failure to respond, the court found the requests for admission were deemed admitted. Accordingly, Dubsky admitted the goods and services were rendered, the reasonable total sum owed was $102,904.40, and that the accounts were assigned to ARL. He further admitted he had no proof or evidence contrary to ARL's complaint, and that he had no affirmative defenses.

Dubsky argues that the court improperly weighed the evidence against his statement of disputed facts; however, given Dubsky's admissions and the fact that his statement of disputed facts was not evidence, the district court did not err in its determination of the evidence.

Dubsky also argues that the exhibits should not have been accepted because he was not provided copies of them prior to the hearing. However, counsel for ARL stated at the hearing that she had provided copies of the exhibits to Dubsky. The district court accepted the exhibits into evidence over Dubsky's objection that he had not received them. The court's decision is supported by the certificate of service attached to ARL's motion for summary judgment. In the certificate, ARL's counsel certified that on March 26, 2025, she mailed Dubsky a copy of the motion for summary judgment, as well as the affidavits that were to be offered at the hearing.

The district court did not err in receiving ARL's exhibits, nor did it err in improperly weighing their evidentiary value. This assignment of error fails.

*Standing.*

Dubsky assigns that the district court erred in concluding ARL had established standing despite no admissible evidence of a debtor-creditor relationship as between him and the health service providers or as between the health service providers and ARL. He argues ARL presented no evidence such as signed contracts or a chain of title for any alleged debt. We disagree.

The evidence contained in exhibits 1 through 8 established the goods and services that had been provided to Dubsky or family of Dubsky for whom he is financially responsible, as well as the entity that provided it, the date provided, and the value of those goods and services. Dubsky presented no evidence to rebut it. The exhibits also established that the accounts at issue had all been assigned to ARL and included copies of the written assignments. Dubsky again presented no evidence to rebut this evidence.

Moreover, the deemed admitted requests for admissions established a debtor-creditor relationship between Dubsky and the providers as well as a valid assignment between the providers and ARL. Given these admissions, no genuine issue of material fact existed as to ARL's standing. This assigned error fails.

*ARL's Admissions and Judicial Notice.*

Dubsky assigns that the district court erred in granting summary judgment despite ARL's express admission that certain "requested documents do not exist" and in refusing to take judicial notice as required under § 27-201. He argues that the district court ignored his supplemental brief which pointed out that ARL's brief in support of its motion for summary judgment admitted that certain requested documents did not exist. Dubsky argues this was an admission that eliminated any factual dispute regarding whether ARL had standing. He states as a proposition of law that "Statements made in pleadings, motions, or discovery responses that a document 'does not exist'

constitute judicial admissions and may be relied upon by the opposing party." Brief for appellant at 7. However, the two cases upon which he relies as authority do not exist as cited.

Regardless, we find the district court did not "ignore" Dubsky's supplemental brief; rather, a court is limited to considering the evidence offered at a hearing on summary judgment and Dubsky offered no evidence.

> Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

*Zannini v. Ameritrade Holding Corp.*, 266 Neb. 492, 667 N.W.2d 222 (2003).

Dubsky also argues the district court erred by ignoring his request for judicial notice. Dubsky did not request at the hearing that the court take judicial notice of anything; rather he filed a "Request for Judicial Notice" on April 17, 2025. He requested the court to take judicial notice of the "procedural status" of the case; specifically, he raised ARL's "fail[ure] to file any actual evidence or exhibits in support of its motions." However, the court's progression order required the parties to file an evidence index and an annotated statement of undisputed facts. It specifically directed that "Under no circumstances should counsel send proposed evidence or courtesy copies of the same to the Court prior to the hearing. Evidence or proposed evidence should not be filed with the Court."

As addressed above, ARL sent copies of its proposed evidence to Dubsky; it was not required, and in fact was specifically directed, not to file it with the district court. We therefore reject Dubsky's argument that the court erred in ignoring his supplemental brief and request for judicial notice.

*District Court Order.*

Dubsky assigns that the district court erred in signing an order drafted by ARL that contained no independent findings, failed to apply the proper summary judgment standard under § 25-1332, and rested on exhibits not properly offered or received. He argues that the order cited no statutes or cases, made no findings of admissibility, and failed to address his statement of disputed facts or repeated objections. Dubsky argues ARL's evidence was not properly received and that basing the order on it "rubber-stamped" ARL's proposed order without applying the proper summary judgment standard. Brief for appellant at 19-20.

We have already found there was no error in the district court's receipt of evidence. As Dubsky's argument relates to the summary judgment standard, the written order stated there was no genuine dispute as to any material fact and that ARL was entitled to judgment as a matter of law. Summary judgment is proper when there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. See, § 25-1332; *Johansen v. Reed*, 33 Neb. App. 592, 22 N.W.3d 221 (2025). The district court's order referenced and applied the proper standard.

Although Dubsky argues on appeal that the district court erred in failing to include findings in its order, the record does not show that Dubsky ever requested specific factual findings. See *Wells Fargo Ag Credit Corp. v. Batterman*, 229 Neb. 15, 424 N.W.2d 870 (1988) (rejecting

assignment of error relating to absence of specific factual findings for failure to request such specificity). We reject this assigned error.

## CONCLUSION

We find no error in the district court's receipt of evidence, nor in its granting of summary judgment in favor of ARL. We affirm the judgment of the district court.

AFFIRMED.